UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

JEREMY KEEL, et al., on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

CHARLES RUTENBERG REALTY, INC., et al.

    Defendants.

Case No. 4:25-cv-00759-SRB

## PARTIAL FINAL JUDGMENT

1.    This Final Judgment incorporates by reference the definitions in the Charles Rutenberg Realty, Inc. ("Charles Rutenberg"); Tierra Antigua Realty, LLC ("Tierra Antigua Realty"); West USA Realty, Inc. ("West USA Realty"); My Home Group Real Estate, LLC ("My Home Group Real Estate")[1] Settlement Agreements (collectively referred to herein as the "Settlements" or the "Settlement Agreements").

2.    In accordance with this Court's order granting final settlement approval (Doc. # 36), Judgment is entered on behalf of the following Settlement Classes to whom notice was directed, which are certified under Federal Rule of Civil Procedure 23(b), solely for purposes of the Settlements, except for those Persons who validly and timely excluded themselves from the respective Settlements as identified on Ex. I to Doc. # 36-2 (the "Opt-Outs"[2]):

> All persons who sold a home that was listed on a multiple listing service[3] anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date range: October 31, 2019 to the date of Class Notice.

---

[1] Collectively referred to herein as the "Settling Defendants".

[2] Such Opt-Outs are not included in or bound by this Final Judgment and are not entitled to any recovery from the settlement proceeds obtained through the Settlements.

[3] Multiple Listing Service includes non-NAR multiple listing services, such as REBNY/RLS.

3. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements and the orders of this Court.

4. The case is dismissed with prejudice as to the Settling Defendants.

5. The Releasing Parties are hereby enjoined forever from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member in any forum any Released Claims against any of the Released Parties, which include Settling Defendants' franchisees and affiliated brokerages, and agents affiliated with those franchisees or affiliated brokerages.

6. Released Claims are defined in the Settlement Agreements and include any and all manner of federal and state claims regardless of cause of action that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, Released Claims and the injunction set forth above extend to claims arising from or relating to transactions where Settlement Class Members either sold or purchased a home on any multiple listing service nationwide, regardless of affiliation or association with NAR or not, and thus include, e.g., NWMLS, WPMLS, and REBNY/RLS. The injunction does not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

7. Without affecting the finality of this Final Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration and consummation of the Settlements and to interpret, implement, administer and enforce the Settlements (including with

respect to the scope of the Settlement Class, Released Claims, and Released Parties), in accordance with their terms, and to implement and complete the claims administration process, in accordance with the Settlements, for the benefit of the Settlement Class.

8. The Court hereby enters **FINAL JUDGMENT** of dismissal with prejudice and without costs (except as provided in the respective Settlement Agreements).

9. In the event any of the Settlements do not become Effective in accordance with the terms of the applicable Settlement Agreements, then this Partial Final Judgment shall be rendered null and void and shall be vacated as to the Settling Defendants whose Settlements did not become Effective.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2026